UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MOCHE ISMA EL *ex rel.* KENNETH MOBLEY, )<br>)<br>) | |
| Petitioner, )<br>) | No. 5:12-CV-182-KKC-REW |
| v. ) | RECOMMENDED DISPOSITION |
| )<br>COMMONWEALTH OF KENTUCKY )<br>COURT OF JUSTICE, )<br>) | |
| Respondent. | |

\*\*\* \*\*\* \*\*\* \*\*\*

On June 12, 2012, the Court entered an Order explaining that, based on the initial pleading, it is unclear whether Petitioner Moche Isma El *ex rel.* Kenneth Mobley seeks or qualifies for relief under 28 U.S.C. § 2254. *See* DE #2. The Court noted that Isma El's single-page motion, styled as a petition or motion "for a writ of habeas corpus" and docketed by the Clerk as a petition under 28 U.S.C. § 2254, references 15 U.S.C. § 44, a statute in the Federal Trade Commission Act, and states that Isma El is a "secured party" with a claim against "the debtor, the Unincorporated Corporation." *See* DE #2. The Court further noted that Isma El does not appear to make a claim that he is in custody in violation of federal law, and he has neither paid a filing fee nor moved for leave to proceed *in forma pauperis*. *See id.* The Court directed the Clerk to promptly forward Isma El a standard § 2254 form and a standard application for *in forma pauperis* status. *See id.* The Court ordered Isma El to complete the standard § 2254 form fully, or to otherwise clarify his claims, and to submit the filing fee or a motion to proceed *in forma pauperis* by July 20, 2012. *See id.*

Isma El did not respond to the Court's June 12 Order. Although the Clerk mailed the

Order and referenced forms to Isma El, a notation in the docket sheet on July 30, 2012, indicated that the mail was returned to the Clerk as undeliverable. *See* DE #3. In the interim, it appeared that Isma El's address had been updated in the record. Accordingly, the Court ordered the Clerk to re-send the June 12 Order and related forms to Isma El at his updated address, extending Isma El's time to respond to August 31, 2012. *See* DE #4. A notation in the docket sheet indicates that Isma El's wife was in the Clerk's Office on August 23, 2012, and she confirmed that the current mailing address for Isma El is correct. It is now October 3, 2012, and Isma El has not responded to the Court's Order or otherwise made any filings in this case.[1]

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Here, it plainly appears from Isma El's motion/petition that he is not entitled to § 2254 relief. In fact, he does not state any cognizable claim for relief. Further, Isma El has failed to prosecute his case and comply with an Order of the Court. Courts have inherent authority to dismiss *sua sponte* in order to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 82 S. Ct. 1386, 1389 (1962); *see also Holt v. Gadberry*, 2012 WL 2923304, at *1 (E.D. Ky. July 18, 2012); Fed. R. Civ. P. 41(b). Isma El has had ample opportunity to clarify his claims and address the nonpayment of the filing fee, and he has failed to do so. His case has remained dormant for over three months due to his inaction. For these reasons, the Court **RECOMMENDS** that the District Court

---

[1] The Court notes that Isma El filed a separate "Motion for Writ of Habeas Corpus" docketed in Case No. 5:12-CV-207-WOB-HAI. In that case, Magistrate Judge Ingram ordered Isma El to show cause why the matter should not be dismissed as untimely by August 20, 2012. Isma El has not responded to Judge Ingram's Order.

**DISMISS** this matter **WITHOUT PREJUDICE**.

The Court directs Isma El to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Fed. R. Civ. P. 72(b). Within fourteen days after being served with a copy of this decision, Petitioner may serve and file specific written objections to any or all findings or recommendations for review, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 3rd day of October, 2012.

**Signed By:**
*Robert E. Wier* REW
**United States Magistrate Judge**